IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY J. ROSS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-1349-O |
| ) | ECF |
| ARTIS JOHNSON, ) | |
|     Defendant. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS:**

On July 15, 2009, Plaintiff filed this complaint against Defendant. Plaintiff also filed a motion to proceed *in forma pauperis*. Based upon the information contained in Plaintiff's *in forma pauperis* motion, the Court was unable to determine whether Plaintiff should be allowed to proceed *in forma pauperis*. On August 24, 2009, the Court sent Plaintiff a more detailed *in forma pauperis* affidavit, and ordered Plaintiff to respond to the affidavit within thirty (30) days, or the Court would recommend dismissal of Plaintiff's complaint. More than thirty (30) days have passed since the Court's Order and Plaintiff has failed to respond to the *in forma pauperis* affidavit or pay the filing fee.

**Discussion:** Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge**    Page -1-

41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).  Plaintiff has failed to comply with the Court's Order.  She has neither filed the *in forma pauperis* affidavit, nor paid the filing fee.  Accordingly, her complaint should be dismissed for want of prosecution.

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed without prejudice for want of prosecution, pursuant to Fed. R. Civ. P. 41(b).

Signed this 26th day of October, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND

## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).